No. 6636.—SUCN. FRANCESCHINI, ETC., aplte. *v.* DOMENECH, TES., apldo.—C. D. Ponce. Diciembre 24, 1934.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

Por CUANTO, la apelante en su moción sobre reconsideración ha solicitado que dejemos sin efecto la sentencia dictada en este caso en septiembre 29 del año en curso y en su lugar se dicte otra revocando

la de la corte inferior, devolviendo el caso a ésta para ulteriores procedimientos e insiste en que hemos incurrido en los siguientes errores, a saber:

"1. Al sostener que la demanda en el presente caso no pone en tela de juicio la validez de la reclamación del gobierno contra el deudor hipotecario.

"2. Al afirmar que la demandante ni siquiera alega en su escrito de demanda que el colector se negó rotundamente a aceptar el pago de parte de las contribuciones solamente.

"3. Al decir que la demandante no alega en su escrito de demanda, ninguna amenaza por parte del colector de rentas internas al efecto de que trataría de vender los bienes libres de gravámenes, no obstante el pago parcial si se efectuaba el mismo.

"Al sostener que la teoría de la demanda parece ser que si las contribuciones no se hubiesen pagado en su totalidad, el resultado inevitable hubiese sido la venta de los bienes libres de gravámenes.

"5. Al establecer que por el hecho de no ser los apelantes los dueños de la finca en cuestión no les cobija el concepto 'contribuyente' contenido en la Ley No. 8 de abril 19 de 1927, y por lo tanto, que no tenían el derecho a utilizar ese estatuto para recobrar las contribuciones que pagaron bajo protesta."

POR CUANTO, el único señalamiento de error en el alegato de la apelante especificaba que "La Corte de Distrito de Ponce cometió error al declarar que un acreedor hipotecario que paga al colector de rentas internas contribuciones adeudadas por la finca hipotecada, ante la evidencia de que ésta va a ser vendida por dicho funcionario en pública subasta para el cobro de aquéllas, no es un contribuyente a los efectos de la Ley No. 8 de 1927."

POR CUANTO, la misma demandante en su moción ante la corte de distrito solicitando la reconsideración de dicha resolución declarando con lugar una excepción previa, invocó el artículo 333 del Código Político para demostrar que era un contribuyente, dando lugar así a la mención de dicho artículo en nuestra opinión, mención de la cual la apelante ahora también se queja.

POR CUANTO, el eje de nuestra decisión en este caso fué el hecho, según criterio nuestro, de que la sucesión demandante no era un contribuyente dentro del significado de la ley autorizando el cobro y la devolución de contribuciones pagadas bajo protesta, debiéndose entender los hechos relacionados en el tercer párrafo de la opinión únicamente en relación con la cuestión principal y no como una expresión de opinión sobre cuál sería el efecto de tales hechos, siendo la sucesión demandante un contribuyente.

POR CUANTO, tampoco fué nuestra intención poner en tela de juicio la suficiencia de los hechos expuestos en la demanda por sí solos o con otros no tan claramente expresados para constituir una buena

causa de acción, sea lo que sea, siempre que no fuese la acción sobre cobro y devolución de contribuciones autorizada por la ley invocada por la sucesión demandante en su demanda en este caso.

Por cuanto, los supuestos errores números uno al cuatro inclusives, si existen, no serían suficientes para dejar sin efecto la sentencia ya dictada.

Por cuanto, no estamos convencidos de la existencia del quinto error especificado.

Por cuanto, tampoco poníamos en tela de juicio el derecho de la sucesión demandante para ejercer su acción sobre preferencia de créditos bajo la Ley No. 8 de abril 19 de 1927, enmendada por la Ley No. 11 de abril 18 de 1928, si bien no estábamos ni estamos todavía convencidos de que la demandante podía exigir la devolución de las contribuciones pagadas bajo protesta, o en tal acción o en la presente, considerada como tal acción, si así pudiera ser considerada, cuestión ésta no discutida ni resuelta en nuestra opinión por no estar comprendida en el único señalamiento de error, supra.

Por cuanto, no tenemos ningún criterio cerrado sobre la cuestión últimamente indicada y a pesar de todo lo que hemos expresado, estamos dispuestos a oír a ambas partes nuevamente sobre este extremo, discutido ya pero no extensamente desarrollado por la apelante en su alegato.

Por tanto, se señala el lunes día 21 de enero para una vista de la moción sobre reconsideración que antecede, especialmente en cuanto a la cuestión últimamente indicada.

Por la Corte, a propuesta de sus distintos jueces, se declaró *no haber* lugar a las reconsideraciones solicitadas en los siguientes casos: Nos.: 3(¹), 942(²), 995(²), 5444, 5600, 6082, 6114, 6152, 6175, 6218, 6269, 6270, 6290, 6291, 6318, 6324, 6332, 6348, 6378, 6456, 6466, 6471, 6527, 6549, 6555, 6626, 6684, 6696, 6749, 6764.

---

(¹) Apelación contra decisión de una Asamblea Municipal en caso de *impeachment*.

